# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 18, 2010

No. 09-60232
Summary Calendar

Lyle W. Cayce
Clerk

JOEL WINSLEY,

Plaintiff-Appellant

v.

FEDERAL EXPRESS CORPORATION,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:06-CV-342

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Joel Winsley has filed an application for leave to proceed in forma pauperis (IFP) on appeal. She seeks to challenge the district court's summary judgment dismissal of her complaint under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 and the district court's denial of her Federal Rule of Civil Procedure 59(e) motion to alter or amend that judgment.

A movant seeking leave to proceed IFP on appeal must demonstrate that she is a pauper and that her appeal is taken in good faith, i.e., that she will raise

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a nonfrivolous issue on appeal.  FED. R. APP. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  To establish financial eligibility to proceed IFP, a movant need not show absolute destitution.  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  The central question is whether the movant can afford the costs of a particular litigation without undue hardship or deprivation of the necessities of life.  *Id.* at 339-40.  Our inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

The financial information Winsley has submitted to this court indicates that she should be able to pay the full $455 appellate filing fee without undue hardship or deprivation of the necessities of life.  Moreover, Winsley has not identified any nonfrivolous issue she intends to raise regarding the district court's order granting summary judgment or the district court's denial of her Rule 59(e) motion.  Winsley's motion for leave to proceed IFP on appeal is DENIED.  Because Winsley's appeal is frivolous, it is DISMISSED.  *See* 5th Cir. R. 42.2; *Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir.1997).

MOTION DENIED.  APPEAL DISMISSED.